## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **COMPETITIVE ENTERPRISE INSTITUTE** | ) | |
| **1310 L Street, NW, 7th Floor** | ) | |
| **Washington, D.C. 20006** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 17-2032** |
| | ) | |
| **UNITED STATES DEPARTMENT OF STATE** | ) | |
| **2201 C Street NW** | ) | |
| **Washington, D.C. 20520** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against

Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), to

   compel production in response to a FOIA request seeking information relating to the

   December 2016 Paris climate agreement and two forerunner treaties.

2. The Paris agreement and its "legal form"[1] are the subject of great public and media

   interest. The U.S. has announced its withdrawal, and talks resume in November 2017.

3. State has failed to provide plaintiff with a determination about whether the Department

   would comply with plaintiff's request, as required by FOIA. That requirement was

   described by this Circuit in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C.

   Cir. 2013), which noted that within the statutory deadline of 20 working days, agencies

---

[1] "Legal form" refers to the combination of what various parties refer to as "legally binding" and "non-binding" provisions in the Paris agreement to support a claim that the agreement does not require the Senate's "Advice and consent" pursuant to Article II, Section 2 of the United States Constitution.

must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."

## PARTIES

4.   Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

5.   Defendant State Department is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

7.   Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant State is a federal agency.

## FACTUAL BACKGROUND
### Plaintiff's FOIA request for certain Agency records relating to the Paris Climate Treaty

8.   On August 31, 2017, CEI requested copies of certain correspondence and attachments in State's possession relating to a high-profile 2016 international agreement on "climate change", the "Paris climate agreement." CEI's FOIA request sought, among things, email correspondence with Todd Stern or Susan Biniaz about "Climate change," "Paris," "Kyoto," "UNFCCC," "Framework Convention," or "legal form"; or between (a) Stern or Biniaz and (b) email addresses ending in "wwfus.org" and/or "nrdc.org."

9.   State acknowledged plaintiff's request by regular mail, assigning it tracking number F-2017-15023.

10.  State also granted plaintiff's request for fee waiver but denied its request for expedited processing, sought on the basis of plaintiff CEI's status as a media requester and the imminence of certain further developments relating to the subject of the request.

11.  FOIA provides that a requesting party is entitled to a determination within twenty working days, about whether the agency will produce the records requested.  5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

12.  State was required to issue such a determination to plaintiff on or before September 29, 2017.

13.  State has not provided that required determination in response to plaintiff's request.

14.  Defendant State is thereby improperly denying plaintiff access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

15.  Plaintiff re-alleges paragraphs 1-14 as if fully set out herein.

16.  Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

17.  Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

18. Plaintiff is not required to further pursue administrative remedies.

19. Plaintiff asks this Court to enter a judgment declaring that:

    a.    Plaintiff is entitled to records responsive to their FOIA request described above, and any attachments thereto, but State failed to provide them;

    b.    State's inadequate response to plaintiff's FOIA request violated the law, and does not satisfy State's obligations under FOIA;

    c.    State must now produce records responsive to plaintiff's request.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

20. Plaintiff re-alleges paragraphs 1-19 as if fully set out herein.

21. Plaintiff is entitled to injunctive relief compelling State to produce the responsive records.

22. This Court should enter an injunction ordering State to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA request described above, and any attachments to those records.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

23. Plaintiff re-allege paragraphs 1-22 as if fully set out herein.

24. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any FOIA case in which the plaintiff has substantially prevailed.

25. This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 3rd day of October, 2017,

_____/s/_Hans Bader_____
Hans Bader
D.C. Bar No. 466545
Hans.Bader@cei.org
Sam Kazman
D.C. Bar No. 946376
sam.kazman@cei.org
Competitive Enterprise Institute
1310 L Street NW, 7th Floor
Washington, DC 20006
(202) 331-2265

Christopher C. Horner
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458

Chaim Mandelbaum
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
703-577-9973
chaim12@gmail.com

*Attorneys for Plaintiff*